TOM GENTRY v. THE STATE.

No. 9999.   Delivered November 10, 1926.

**Possessing Equipment, Etc.—Motion to Suppress Testimony—Practice in Trial Court.**

Appellant, when his case was called, presented a motion to suppress certain testimony, which he expected the state to offer. The trial court properly overruled his motion. This court has expressly declined to sanction practice such as this, and has said that trial courts will not be compelled to pass upon such questions until they are presented in the regular course of the trial.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for possessing equipment, etc., for the purpose of manufacturing intoxicating liquor, penalty one year and six months in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Hopkins County of possessing a still and equipment for manufacturing intoxicating liquor, punishment one year and six months in the penitentiary.

The record is before us without any statement of facts, and but one bill of exceptions appears. It appears therefrom that

before the trial actually began and before the announcement of ready on behalf of the appellant, he presented to the court a motion to suppress certain testimony, which he evidently expected the State would offer. This court has expressly declined to sanction practice such as this and has said that trial courts will not be compelled or required in this jurisdiction to pass on such questions before they are presented in the regular course of the trial. The learned trial judge did not err in overruling the motion. The indictment is sufficient, and the charge of the court seems to have presented the law of the case.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*